# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-87

**THOMAS PRATT**                                                                                           **PLAINTIFF**

**v.**

**SHEILA SHUMPERT, ET AL.**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand (Docket #6). Defendant Progressive Casualty Insurance Company ("Progressive Casualty") has responded (Docket #10). Plaintiff has not replied. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Remand is DENIED.

## BACKGROUND

Plaintiff Thomas Pratt filed a complaint in McCracken Circuit Court of the Commonwealth of Kentucky on October 2, 2009 against Sheila Shumpert and her alleged insurers, Grange Mutual Insurance Company ("Grange") and Progressive Casualty. Pratt sought payment for property damages arising from an October 16, 2008, automobile accident. Pratt and Shumpert were both citizens of Kentucky, thus preventing complete diversity between the parties for the purposes of federal jurisdiction. On January 19, 2010, the McCracken Circuit Court entered an agreed order of partial dismissal, in which the claims against Sheila Shumpert and Grange were dismissed with prejudice pursuant to a settlement agreement. After Shumpert and Grange were dismissed, Progressive Casualty was the only remaining defendant. On February 12, 2010, Pratt filed a motion to set the case for trial.

On April 29, 2010, Progressive Casualty filed a notice of removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Pratt is considered a citizen of

Kentucky for purposes of jurisdiction. Progressive Casualty asserts that it is an Ohio corporation with its principal place of business in a state other than Kentucky. Pratt has now filed a motion to remand, alleging that the statutory time period during which Progressive Casualty could remove Pratt's lawsuit to this Court expired prior to April 29, 2010.

**STANDARD**

A federal district court has original diversity jurisdiction when a suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, any civil action brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). But because this removal statute implicate federalism concerns, it must be "narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Specifically, the defendant must "show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northrup Properties, Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009). Where, as here, the plaintiff seeks an unspecified amount in damages, the defendant satisfies its burden by showing that the amount "more likely than not" exceeds $75,000. *E.g., Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

**DISCUSSION**

Generally, a defendant has thirty days after receipt of the complaint by which to file a notice of removal. *See* 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not

2

removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Plaintiff argues that Defendant became aware of the removability of this case when the Court issued its order dismissing Shumpert and Grange from the lawsuit on January 19, 2010. Defendant, however, did not file its notice of removal until April 29, 2010, more than thirty days after Defendant ascertained that the case was removable. In contrast, Defendant argues that it did not ascertain that the case was removable until it received Plaintiff's response to Defendant's Request for Admissions on April 1, 2010. Prior to that time, it was unclear that Plaintiff was seeking damages exceeding the $75,000 amount in controversy threshold.

Plaintiff and Defendant agree that the parties are diverse and the amount in controversy exceeds $75,000. Therefore, this Court has proper jurisdiction under 28 U.S.C. § 1332(a). If, however, Defendant failed to file the notice of removal within the thirty day time period allowed by 28 U.S.C. § 1446(b), the Court must remand this matter to the McCracken Circuit Court. *See, e.g.*, *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) ("[A] defendant's failure to comply with the statute's thirty-day limitation is an absolute bar to removal . . . .").

Plaintiff's complaint states that he had incurred $1,924.28 in damage to his vehicle and additional damages for towing, storage, and loss of use. The complaint also asserts claims of bad faith and violation of the Kentucky Unfair Claims Settlement Practices Act, Ky. Rev. Stat. Ann. § 304.12-230, and seeks an award of punitive damages from Defendant. Plaintiff's demand seeks "judgment against the Defendants jointly and severally in an amount in excess of Four Thousand ($4,000.00) Dollars" and punitive damages. (Compl. p. 6.) According to the

Kentucky Rules of Civil Procedure, "the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ." Ky. R. Civ. P. 8.01(2). Kentucky circuit courts have original jurisdiction over all cases not "exclusively vested in some other court." Ky. Rev. Stat. Ann. § 23A.010(1). Any matters seeking less than $4,000 are brought in either the small claims or district courts. *See* Ky. Rev. Stat. Ann. §§ 24A.120, .230.

"Determining whether grounds for removal are present is complicated where, as here, state rules prohibit plaintiffs from specifying an amount of damages in the pleadings." *McCraw*, 863 F. Supp. at 433. Although the burden lies with the defendant to demonstrate that a plaintiff's claims meet the $75,000 jurisdictional threshold, the defendant need only prove so under a preponderance standard. *Id.* at 434. "[E]ven where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint . . . that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs." *Id.* The purpose of the thirty-day limitation is to minimize delays and "preclude[ ] a defendant from adopting a 'wait and see' approach . . . ." *Id.*

In this case, at the time Shumpert and Grange were dismissed from the case, Defendant was aware that Plaintiff had alleged claims of bad faith and violation of the Unfair Claims Settlement Practices Act, sought compensatory damages for the accident, and requested an award of punitive damages. Plaintiff specified in his complaint that the property damage totaled $1,924.28. Plaintiff received a settlement in the amount of $3,000 from Shumpert and Grange. Further, Plaintiff sent a letter dated February 11, 2010, in which Plaintiff offered to settle the remaining claims against Defendant for $25,000.

4

The Court finds that the information available from the complaint was too vague and ambiguous for Defendant to have ascertained that the case was removable to this Court at the time Shumpert and Grange were dismissed.  Moreover, the fact that Shumpert and Grange settled for $3,000, and Plaintiff offered to settle with Defendant for $25,000, certainly did not instill within Defendant a belief that Plaintiff was seeking more than $75,000 in damages.  The Court believes Defendant acted reasonably in propounding a request for admissions to clarify the issue of damages, and then properly filed a notice of removal within thirty days of receipt of Plaintiff's answers.  Therefore, Defendant's notice of removal was appropriate and the Court retains jurisdiction.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.