UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-87

**THOMAS PRATT**                                                                                          **PLAINTIFF**

v.

**PROGRESSIVE CASUALTY
INSURANCE COMPANY**                                                                    **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Summary Judgment (Docket #19). Plaintiff has responded (Docket #21). Defendant has replied (Docket #24). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

On October 16, 2008, Plaintiff's wife, Bettye Pratt, was driving a 1989 Chevrolet Caprice Classic Brougham (the "Caprice") when it collided with a 2000 Dodge Durango (the "Durango") driven by Delvon Shumpert, a minor. Plaintiff Thomas Pratt was a passenger in the Caprice, which is titled and owned solely by his wife. The Durango was owned by Ray H. Mullen Motor Company, Inc., also known as "Rent-A-Wreck," at the time of the accident. The Durango was insured by Grange Mutual Casualty Company ("Grange"). Delvon Shumpert's mother, Sheila Shumpert, was in possession of the vehicle for a test drive.

Plaintiff claims the Caprice incurred property damage totaling $1,924.28. No one was injured in the accident. Plaintiff filed suit on October 2, 2009, against Sheila and Delvon Shumpert, Grange, and Progressive Casualty Insurance Company ("Progressive") in McCracken Circuit Court. Plaintiff thereafter reached a settlement with the Shumperts and Grange for the

sum of $3,000. On January 19, 2010, an agreed order of partial dismissal was entered which dismissed, with prejudice, all claims against Sheila Shumpert, Delvon Shumpert, and Grange. Only Plaintiff's claims against Progressive remained.

Progressive removed the case to this Court on April 29, 2010. Plaintiff's Complaint alleges that Progressive violated the Unfair Claims Settlement Practices Act, Ky. Rev. Stat. Ann. § 304.12-230 ("UCSPA"),

> by failing to acknowledge and act reasonably and promptly upon communications with respect to the claim; by not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim after liability had become reasonably clear; and by compelling the Plaintiff to institute litigation to recover amounts due when they offered substantially less than the Plaintiff is entitled.

Compl., DN 4-2, p. 5. According to Plaintiff, Progressive was Sheila Shumpert's insurance carrier at the time of the accident.

This matter is currently set for trial on August 29, 2011. Defendant moved for summary judgment on April 14, 2011. The Court now considers this motion.

**STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the

case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Substitution of the Plaintiff

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). "Standing has both constitutional and prudential dimensions." *Id.* In analyzing the constitutional dimension of standing, the Court looks to three factors:

> First, the plaintiff must have suffered an "injury in fact"–an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and footnote omitted)); *see also Am. Civil Liberties Union of Ohio Found., Inc. v. DeWeese*, 633 F.3d 424, 429 (6th Cir. 2011). "In addition to the constitutional-jurisdictional mandate, a plaintiff must also establish, as a prudential matter, that he or she 'is the proper proponent of the rights on which the

3

action is based.'" *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1275 (6th Cir. 1988) (quoting *Planned Parenthood Assoc. of Cincinnati, Inc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987)).

Plaintiff asks the Court to substitute Bettye Pratt as plaintiff in this case. Under Federal Rule of Civil Procedure 17, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Under certain circumstances, a party may sue in their own name without joining the real party in interest. This includes parties such as executors, administrators, guardians, and trustees. Fed. R. Civ. P. 17(a)(1)(A)-(G). Rule 17 prohibits the Court from dismissing an action "for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "However, this provision must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002).

The real party in interest principle is related to, but different from, the concept of standing. *Id.* at 532. The importance of the distinction between standing and the real party in interest is their respective remedies. If a party does not have standing, it must be dismissed from the action. On the other hand, Rule 17 liberally allows a substitution of parties "'when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.'" *Id.* at 534 (Gilman, J., concurring) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). Following substitution, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

4

Both parties acknowledge that Thomas Pratt was not the titled owner of the Caprice at the time of the accident. Instead, Plaintiff's wife, Bettye Pratt, is the owner of the vehicle in question. Under Kentucky law, a husband does not have any interest in his wife's property throughout the duration of the marriage. *See* Ky. Rev. Stat. Ann. § 404.010(1) ("During the existence of the marriage relationship the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband."). Although the factual allegations in this case would be unaffected by the substitution of Bettye Pratt as the plaintiff, the Court is precluded from consideration of Rule 17 where the original party lacks Article III standing. In other words, because Thomas Pratt does not have standing, this Court lacks subject matter jurisdiction. This lack of jurisdiction prevents the Court from even considering a motion to substitute under Rule 17. *See, e.g.*, *Zangara v. Travelers Indem. Co. of Am.*, No. 1:05CV731, 2006 WL 825231, at *3 (N.D. Ohio 2006).

## II.  Motion for Summary Judgment

Even if Bettye Pratt were substituted as the real party in interest in this action and this case proceeded as if it was originally commenced by Mrs. Pratt, the Court finds that summary judgment would be appropriate. In Kentucky "an insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim:"

(1) the insurer must be obligated to pay the claim under the terms of the policy;
(2) the insurer must lack a reasonable basis in law or fact for denying the claim; and
(3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (citation omitted). Furthermore, "there must

5

be sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." *Id.*

"The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Progressive argues that because this case was settled and Grange, as the proper insurer of the Durango, paid the claim, Plaintiff cannot establish that Progressive was obligated to pay a covered claim. In addition, Progressive asserts it did not act with intentional misconduct or reckless disregard, and Plaintiff has failed to produce any evidence which would demonstrate such misconduct warranting an award of punitive damages. Progressive notes that the evidence indicates that Progressive merely communicated to Plaintiff and Sheila Shumpert that there was no coverage under Ms. Shumpert's personal auto policy. "Progressive Casualty simply provided its coverage position that was affirmed by Grange who insured the vehicle, paid the claim and obtained a release of liability for Sheila and Delvon Shumpert." Def.'s Mot. for Sum. Judg., DN 19, p. 11.

Progressive also argues that, based on Plaintiff's answers during his deposition, it appears that what Plaintiff is really seeking is damages for pain and suffering.

> Q: What damages do you believe are owed by my client as a result of this accident?
>
> A: However the law works. I think we're entitled to something other than our car just getting fixed. Now, however Progressive pays it or whoever pays it. Just getting the car fixed, that's fine. We've already established that much. But how come now that you're involved, and that was a different insurance company, and you're sitting in here today, so apparently, we're entitled to something from you too.
>
> . . .

6

> Q: Pain and suffering is what you want this jury to pay you for?
>
> A: This has drove my wife crazy.
>
> Q: That's fine. Just answer my question. Is pain and suffering what you're going to ask this jury to pay you for?
>
> A: Why not?
>
> Q: That's fine. Yes or no? Yes?
>
> A: Yeah, why not? These people drove us crazy with this. We have to pay insurance. It seems to me he just got off scot-free.

Pl.'s Depo., DN 19-1, p. 13; DN 19-2, p. 1. Additional portions of Plaintiff's deposition suggest Plaintiff is unclear of Progressive's role in this lawsuit.

In this case, Plaintiff has presented insufficient evidence to create a genuine issue of material fact as to any claims of bad faith. Page three of Plaintiff's four-page response to the motion for summary judgment states:

> Delvon's operation of the Durango, while it was in Sheila's possession, is indicative of the fact that Shelia Shumpert negligently entrusted Delvon, her minor son, with the Durango. As such, Sheila Shumpert's insurance carrier, Progressive, should have acted reasonably and acknowledged coverage of the Plaintiff's claim for damages.

Pl.'s Resp., DN 21, p. 3. Although Plaintiff notes that Progressive was notified of the accident in a timely fashion and denied any coverage, Plaintiff has presented no evidence to demonstrate that Progressive was obligated to pay the claim. Because Plaintiff has not produced any additional evidence, the Court has no way of addressing whether Progressive had an obligation to pay the claim or lacked a reasonable basis for denying the claim. Nor has Plaintiff produced any evidence of intentional misconduct or reckless disregard, other than asserting that "Progressive continued to act in bad faith by intentionally, fraudulently, oppressively, and

7

recklessly disregarding the rights of the Plaintiff." Pl.'s Resp., DN 21, p. 3. Plaintiff fails to refute Progressive's claim that Grange was the proper insurer. In fact, Plaintiff does not even address this argument, other than noting that the settlement only released claims against Grange, not Progressive.

Plaintiff has not provided the Court with sufficient evidence to create a genuine issue of material fact as to the bad faith claims asserted in the Complaint. At the summary judgment stage, "the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Copeland*, 57 F.3d at 479 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). Accordingly, summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.